UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00776-RLY-MJD |
| | ) |
| FINANCIAL BUILDERS F.C.U., et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss, [Dkt. 18]. On November 18, 2022, District Judge Richard L. Young designated the undersigned Magistrate Judge to issue a report and recommendation regarding the disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 22.] For the reasons set forth below, the Undersigned **RECOMMENDS** that the motion be **GRANTED**.

### I. Allegations in Plaintiff's Complaint

The substantive allegations in Plaintiff's Complaint are as follow:

I am a consumer who on January 26, 2022 found myself appearing in a venue that is typically filled with consumers who can't as evidenced by their particular situations and circumstances can't afford a representation or they wouldn't be in the predicament they find themselves in being legally and financially exploited. That venue is Small Claims ie; ("the Bully pulpit") if you will. A judgement was entered against me and as a result is ongoing because it is an effort to collect a debt. While it is true my concerns that I then raised as a defence were heard. I now raise them again as they are tortious in nature with regard to Fair Debt Collections Practices, pursuant to Consumer Financial Protection Law. Though they, Financial Builders FCU and their representative Jeremy A. Peelle attorney #21775-49 state in both the original prima facia lawsuit and summons received by me on (1) 10/7/2021 that and subsequently on their ORDER TO APPEAR received by me on (2) 3/10/2022. That "the PEELLE LAW OFFICE has been

> retained as a debt collector in this matter. That it is an effort to collect a debt and any information obtained will be used for that purpose" as required by law."
>
> Both Financial Builders FCU and Jeremy A. Peelle have been very selective about what Consumer Protection Laws they comply with. In fact my claim is that in their collections efforts they have acted in contravention of my rights with regard to Consumer Protection, Fair Debt Collection Practices on each of the previously mentioned dates 10/07/2021 and 03/10/2022 respectively. On each of those dates I received service of process by the HOWARD COUNTY Sheriff's Department in the non-criminal matter and as a direct result suffered disgrace and shame due to the false impression of criminality in contravention of my rights.

[Dkt. 1 at 5] (errors in original).

## II. Discussion

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

---

[1] The motion also references Rule 12(b)(1), but Defendants make no argument with regard to that rule.

The only basis for Plaintiff's claims against Defendants in this case appears to be the fact that Defendants used the Howard County Sheriff's Department to effect service of process when they sued Plaintiff in small claims court to recover on a debt.[2]  The Court agrees with Defendant that this fails to state a claim for which relief may be granted.  As a matter of law, Defendants did not violate the Constitution, the Fair Debt Collection Practices Act, or any other statute cited by Plaintiff[3] by using law enforcement officers as process servers, because doing so was a wholly valid means of effecting service of process pursuant to Indiana Law.  Indiana Trial Rule 4.1 provides several means of serving an individual, including "delivering a copy of the summons and complaint to him personally" or "leaving a copy of the summons and complaint at his dwelling house or usual place of abode."[4]  Indiana Trial Rule 4.12, in turn, provides that "[w]henever service is made by delivering a copy to a person personally or leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose."  Thus, service of process in a civil case by a law enforcement officer is clearly

---

[2] Plaintiff did not file a response to the motion to dismiss; however, Plaintiff did file what he termed a motion for summary judgment.  *See* [Dkt. 24].  The Court has considered the arguments made by Plaintiff in his motion for summary judgment in ruling on the instant motion to dismiss.  In that filing, Plaintiff makes it clear that his claim is based on the use of law enforcement officials to serve Plaintiff in the small claims action.  *Id.* at 2 ("The 'routine use of law enforcement officials' for the purpose of 'legal process' when other means are available speaks to it's [sic] corrupt nature, inasmuch as these acts are intentional[ly] and willful[ly] directed at these same said citizens turned litigants. . . . The Plaintiff asserts that he suffered shame, disgrace, and humiliation . . . [i]n so much as they created a false impression of criminality with regards to the debt in question in contravention to their duty of fundamental fairness to the Plaintiff in the instant matter.").

[3] In his motion for summary judgment, Plaintiff cites to myriad statutes and Constitutional provisions.  *See* [Dkt. 24 at 4].

[4] If this option is chosen, the summons and complaint must also be mailed to the individual's last known address.  Indiana Trial Rule 4.1(B).

provided for by the applicable civil rules, belying Plaintiff's belief that such service left a "false impression of criminality."

### III.  Conclusion

Using law enforcement officials to serve Plaintiff in the small claims action was wholly permissible under Indiana law, and doing so did not violate the Fair Debt Collection Practices Act, the Constitution, or any other statue cited by Plaintiff.  Accordingly, the Undersigned **RECOMMENDS** that the motion to dismiss [Dkt. 18] be **GRANTED** and that Plaintiff's motion for summary judgment, [Dkt. 24], be **DENIED AS MOOT**.  While "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), here any amendment would be futile, because the factual basis for Plaintiff's Complaint simply does not support any cause of action against Defendants.  Accordingly, the Undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections **within fourteen days after service of this Report and Recommendation** shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  5 JAN 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

KEVIN THOMAS
1602 S. Plate St.
Apt. D4
Kokomo, IN 46902