UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN THOMAS,                          )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )        No. 1:22-cv-00776-RLY-MJD
                                       )
FINANCIAL BUILDERS F.C.U. and          )
JEREMY R. PEELLE,                      )
                                       )
                 Defendants.           )

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

Plaintiff, Kevin Thomas, filed a *pro se* consumer protection Complaint against

Defendants, Financial Builders F.C.U. and Jeremy R. Peelle, alleging he suffered

"disgrace and shame" when he received service of process by the Howard County

Sheriff's Department to appear in small claims court.  (*See* Compl. ("I received service of

process by the HOWARD COUNTY Sheriff's Department in this non-criminal matter

and as a direct result suffered disgrace and shame due to the false impression of

criminality in contravention of my rights.")).  He appears to bring claims under the Fair

Debt Collections Practices Act ("FDCPA") and the United States Constitution.  The court

referred the Defendants' Motion to Dismiss to the Magistrate Judge, who recommended

that the matter be dismissed with prejudice for failure to state a claim, as any amendment

to the Complaint would be futile.  The Magistrate Judge also recommended that

Plaintiff's Motion for Summary Judgment be denied as moot.

Plaintiff filed an Objection, arguing that service of process by Howard County law enforcement officers created an "impression of criminality" in violation of the FDCPA. (Filing No. 30, Objection ("Plaintiff objects because the Act in 15 USC 1692e(2)(B) states that 'ANY services rendered or compensation which may be lawfully received by ANY debt collector for the collection of a debt' is a violation under the Act.") (capitalization in original)).

Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making false representations of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  Under the plain language of § 1692e, the Act's reference to the term "services" refers to the services of a debt collector, not service of process under Indiana law.

As the Magistrate Judge correctly found, using law enforcement officers as process servers is a valid means of effecting service of process on an individual under the Indiana Trial Rules.  Ind. Trial Rule 4.12 ("Whenever service is made by delivering a copy to a person personally or leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose.").  It is not a violation of the FDCPA or the Constitution.  Plaintiff's Objection (Filing No. 30) is therefore **OVERRULED**.

For the reasons just stated, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 29), **GRANTS** Defendant's Motion to Dismiss (Filing No.

2

18) and **DENIES AS MOOT** Plaintiff's Amended Motion for Summary Judgment

(Filing No. 24).  This case is **DISMISSED WITH PREJUDICE**.


**SO ORDERED** this 2nd day of February 2023.



RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Copy by U.S. Mail to:

Kevin Thomas
1602 S. Plate St
Apt. D4
Kokomo, IN  46902